**LANDMARK MEDICAL CENTER, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary, United States Department of Health and Human Services, and J.D. Sconce, Regional Administrator Health Care Financing Administration, United States Department of Health and Human Services, Defendants.**

**No. EP 88 CA 260.**

United States District Court,
W.D. Texas,
El Paso Division.

July 7, 1988.

Mack Ed Swindle, Ft. Worth, Tex., and Malcolm Harris, El Paso, Tex., for plaintiff.

Mollie Crosby, Asst. U.S. Atty., El Paso, Tex., for defendants.

### ORDER VACATING TEMPORARY RESTRAINING ORDER

### ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

### ORDER DENYING PLAINTIFF'S REQUEST FOR A HEARING ON PRELIMINARY INJUNCTION AND MOTION TO DISMISS

### ORDER GRANTING DEFENDANT BOWEN'S MOTION TO DISMISS

### ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

### AND

### ORDER OF DISMISSAL

GARZA, District Judge.

Landmark Medical Center requests that the Court enjoin the Health Care Financing Administration (hereinafter "HCFA") from terminating Landmark's participation in the Medicare program, alleging that HCFA, an agency of the Department of Health and Human Services, deprived Landmark of its right to due process of

law, guaranteed by the Fifth Amendment of the Constitution, "and/or h[as] taken agency action which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A)." The Court has carefully considered the pleadings, motions and authorities cited by counsel, and concludes that this Court lacks subject matter jurisdiction of this matter and that this action should therefore be dismissed.

■ Landmark has predicated subject matter jurisdiction on the Fifth Amendment to the constitution, 28 U.S.C. § 1651(a) (the All Writs Act) and upon 42 U.S.C. § 1395ff(c), which provides for judicial review of a final decision of the Secretary of Health and Human Services as provided in 42 U.S.C. § 405(g), that is, only after the exhaustion of administrative remedies. Federal question jurisdiction under 28 U.S.C. § 1331 is precluded by 42 U.S.C. § 405(h), which makes 42 U.S.C. § 405(g) the exclusive form of judicial review of agency decisions. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *American Assn. of Councils of Medical Staffs v. Califano*, 575 F.2d 1367 (5th Cir.), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1018, 59 L.Ed.2d 72 (1979). Furthermore, while Landmark argues that this is a case to which the exhaustion of administrative remedies requirement should not be applied, the Court, after scrutinizing Landmark's complaint, Motion for Temporary Restraining Order and/or Preliminary Injunction and supporting affidavits and attachments, concludes that this is not a case which raises claims "wholly collateral to the substantive issues," thereby permitting waiver of the exhaustion of administrative remedies rule. *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976).

■ The Court also concludes that it would be inappropriate in this case for it to exercise its All Writs Act power to issue an injunctive status quo order in aid of its potential jurisdiction. While the Supreme Court in *Sampson v. Murray* noted that district Courts are "not totally without authority to grant interim injunctive relief" in a status quo action, 415 U.S. 61, 63, 94 S.Ct. 937, 940, 39 L.Ed.2d 166 (1974), it also warned that a district court would be wrong in routinely applying the traditional preliminary injunction standards to such a case. *Id.* 415. U.S. at 83–84, 94 S.Ct. at 950. The Eleventh Circuit has interpreted this to mean that a district court should require the applicant for a status quo injunction under The All Writs Act to demonstrate:

(1) virtual certainty of irreparable injury, (2) similar certainty of success on the merits, for example, outrageous or entirely unauthorized (*ultra vires*, so to speak) agency action, (3) minimal harm to the agency, in the sense of disruption of its processes and (4) the public interest clearly favoring the assumption of jurisdiction.

*V.N.A. of Greater Tift County, Inc. v. Heckler*, 711 F.2d 1020 (11th Cir.), *cert. den.*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed. 2d 457 (1983).

In this case Landmark alleges that it will be irreparably harmed unless the Court enjoins the Secretary from terminating its participation in the Medicare program in that it will be forced to close its doors, since approximately 50 percent of its operating income comes from Medicare payments. Landmark also cites the economic harm its employees will suffer through loss of employment. The Court finds that there is no reason to think that Landmark finds itself in straights which " 'so depart from the normal situation' as to justify fundamental deviation from the statutory scheme." *Id.* at 1034 (quoting from *Murray*, 415 U.S. at 92 n. 68, 94 S.Ct. at 953 n. 68). The Court finds that Landmark has failed to make the showing of irreparable harm contemplated by *Murray*.

The Court further finds that Landmark has failed to demonstrate a virtual certainty of success on the merits in that the wrong complained of cannot be classified as "outrageous or entirely unauthorized" agency action. Nor can the harm to the agency be classified as minimal. Intervention by the Court would "seriously disrupt the congressionally mandated process."

*V.N.A.*, 711 F.2d at 1035. Landmark has failed to satisfy the second and third factors of the The All Writs Act injunction test.

Finally, the Court's assumption of jurisdiction at this juncture would certainly aid the public interest in that it would keep the doors of the plaintiff-hospital open, but satisfaction of one of the four *Murray* factors is insufficient to support the issuance of a status quo injunction under the All Writs Act. In summary, the Court concludes that it would be improper in this case for it to enter a status quo order in aid of its potential jurisdiction.

Since the Court has no independent basis of jurisdiction, it would also be inappropriate for it to issue a declaratory judgment, since the Declaratory Judgment Act itself provides a court with no independent basis of jurisdiction.

Since the Court concludes that it is without subject matter jurisdiction to entertain this matter, it hereby enters the following orders:

1. The temporary restraining order entered on June 30, 1988 in this action is VACATED;

2. Plaintiff's Motion for a Temporary Injunction is DENIED;

3. Defendant Bowen's Motion to Dismiss is GRANTED.

It is further ORDERED that Plaintiff's Motion for Expedited Discovery is DENIED AS MOOT.

It is further ORDERED that Plaintiff's Request for a Hearing on Preliminary Injunction and Motion to Dismiss is DENIED.

It is further ORDERED that this matter is DISMISSED.

IT IS SO ORDERED.